# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS J. MORAN,** | : | CIVIL ACTION NO. 1:08-CV-1303 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JANINE DONATE**, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Francis J. Moran, a pro se prisoner formerly incarcerated at the Lackawanna County Prison, commenced this civil rights action on July 9, 2008, naming as defendants Janine Donate, warden, Dr. Zaloga and Barbara Fox, head nurse. (Doc. 1). For the reasons set forth below, the matter will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

I. **Procedural Background**

As noted above, this action was commenced on July 9, 2008. (Doc. 1.) Shortly thereafter, the court ordered service of the complaint on all defendants. (Doc. 7.) The summonses were returned indicating that personal service was accomplished on all defendants on July 31, 2008. (Doc. 13.) On August 13, 2008, an entry of appearance was filed on behalf of all defendants. (Doc. 9.) A few days later, counsel filed an amended entry of appearance indicating that he only represented defendant Donate. On August 18, 2008, counsel filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) on

behalf of defendant Donate, as well as a brief in support of the motion. (Docs. 11, 12.)

Plaintiff failed to file a brief in opposition to the motion in accordance with the Local Rules of Court. L.R. 7.6. On September 30, 2008, an order issued affording plaintiff the opportunity to file an opposition brief by October 15, 2008, and cautioned him that his failure to file a brief would result in the motion being deemed unopposed and granted without an analysis of the merits of the claim against defendant Donate. (Doc. 14, citing L.R. 7.6.) Plaintiff failed to file a brief as directed. Consequently, on October 21, 2008, an order was issued deeming the motion to dismiss unopposed, granting defendant's motion, and terminating Donate as a defendant. (Doc. 15.) He was also directed to notify the court by November 5, 2008, whether he intended to pursue the matter against the remaining defendants. (Id.)

On October 30, 2008, plaintiff filed a notice of change of address and requested a copy of the docket sheet. Two weeks later, on November 13, 2008, he filed a letter "to notify the Court of Plaintiff's intention to pursue this matter against the remaining defendants and all original defendants in the case identified above, and to inform the Court of all the unfortunate mishaps and inadvertent misfortunes that he has experienced and been subject to due [to] his re-arrest and re-commitment into State custody by State Parole Officials." (Doc. 18, at 1.) He stated that because of his re-arrest and subsequent detention at the Lackawanna County Prison and State Correctional Institution at Dallas, he did not receive documents 11

2

through 15, which included the motion to dismiss (Doc. 11), brief in support of the motion (Doc. 12), and the court orders directing him to respond to the motion (Doc. 14) and deeming the motion to dismiss as unopposed and granting the motion (Doc. 15). He further stated that he would "notify the Court of it all via Motion(s) to seek relief from judgment and order(s), which will follow this letter in a separate envelope." (Id.)

More than two more months passed without any communication from plaintiff. Therefore, on January 22, 2009, an order was issued directing him to show cause why the action should not be dismissed for failure to prosecute. In his February 6, 2009, response, he detailed the difficulties he was experiencing in utilizing the law library, but represented the following:

> Plaintiff is in the process of mailing to this Court a Motion and Affidavit to Vacate Order . . . in the next couple of days, which explains the entire ordeal and chain of custody and events that this Plaintiff have [sic] experience and been subjected to in the last several months, all outside his control, as well as a Request to Clerk for Entry of Default (on the remaining defendants). This Plaintiff only need a few more days to have said documents notarized, photocopied and mailed out.

(Doc. 20, at 3.) Three more weeks passed without any activity.

On February 27, 2009, another order was issued directing "that plaintiff shall take action to move the litigation forward on or before March 16, 2009, or the matter will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (Doc. 21.)

Plaintiff has taken no further action. Nor has he communicated with the court in any fashion.

3

## II. Discussion

Federal Rule of Civil Procedure 41(b) permits a District Court to dismiss a plaintiff's case for failure to prosecute. See FED.R.CIV.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). In so doing, the court must balance the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984.)

### A. Analysis of the Poulis Factors

#### 1. The extent of the party's personal responsibility

A pro se plaintiff is responsible for his failure to comply with a court's orders. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Originally, plaintiff represented that he was unable to respond due to his "re-arrest" and subsequent incarceration. Thereafter, he indicated that his limited access to the law library was hindering his efforts. Most recently, on February 6, 2009, he stated that he would be mailing a "Motion and Affidavit to Vacate Order . . . in the next couple of days," and a "Request to Clerk for Entry of Default (on the remaining defendants)" and that he only needed a few more days to notarize, photocopy and mail the

4

documents. (Doc. 20, at 3.) That was almost three months ago. At this point, the court has been waiting for more than five months for plaintiff to move the litigation forward and can only conclude that he is personally responsible for failing to comply with court orders.

### 2. The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994)(internal quotations and citations omitted.) Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874. In the matter *sub judice*, plaintiff's failure to move the litigation forward has resulted in no known prejudice to defendants Zalaga and Fox as they have not entered an appearance in the matter or filed an answer or responsive pleading. However, excessive delays unquestionably affect both the clarity of recollection and the security of documentary evidence.

### 3. A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages

5

calculation for the defendant); Emerson, 296 F.3d at 191 (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines).

As is clear from the procedural background set forth *supra*, plaintiff failed to comply with multiple deadlines and lulled the court into believing that the appropriate filings were forthcoming. Based on this conduct, the court finds that over the past seven months, plaintiff has consistently delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." See Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008).

        4.     Was the conduct willful or in bad faith?

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." Id. ; see also Emerson, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence). Over the course of the last months, plaintiff has engaged in intentional and self-serving conduct in that he has sought extensions of time yet failed to follow through on any promises of action in furtherance of prosecution.

        5.     Effectiveness of sanctions other than dismissal

Ordinarily, a District Court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. However, where a plaintiff is

6

proceeding pro se, and moreover, is proceeding in forma pauperis, as is the case here, it has been found that no alternative sanctions existed because monetary sanctions, including attorney's fees, "would not be an effective alternative." Emerson, 296 F.3d at 191. In a scenario such as the present one, where the court is faced with a complete lack of cooperation on the part of the individual that brought the action, the only appropriate sanction is dismissal.

    6.  Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. A claim, or defense is considered meritorious when the allegations of the pleading, if established at trial, would support recovery by plaintiff. Id.

Plaintiff alleges that defendants were deliberately indifferent to his chronic skin problem. (Doc. 1, at 2.) He contends that the information given to the medical staff concerning his "long documented and treated chronic skin condition which causes [him] to suffer from painful boils, inflammation and scaring [sic] without proper attention" was ignored. (Doc. 1, at 4.) However, he alleges that he was

examined on a number of visits and that "the head nurse [Fox] put me on an antibiotic at the orders of Dr. Zaloga." (Id.)

Based on these allegations, the court concludes that plaintiff's claim does not have merit in that such allegations likely would not support a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, as is alleged here, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990); Monmouth County Corr. Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

Accordingly, "[a]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). Rather, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners. Durmer, 991 F.2d at 67.

All indications are that this is a case involving plaintiff's disagreement with the course of treatment he received while incarcerated at the Lackawanna County Prison, which is insufficient to sustain a cognizable constitutional claim. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1080 (3d Cir. 1976).

He further alleges that defendant Donate was made aware of his problems *via* the grievance procedure and that he received no response or help from her. (Doc. 1, at 2.) If a prisoner is under the care of medical experts, as is the case here, a non-medical prison official cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are misleading (or not treating) a prisoner. . . ." Spruill, 372 F.3d at 236; Durmer, 991 F.2d at 67.

9

Accordingly, the claim against defendant Donate, the warden of the Lackawanna County Prison, a non-medical defendant, is without merit.

**B.     Balancing of the Poulis Factors**

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  It is clear that, following a full analysis of the factors, the majority of the six factors weigh heavily in favor of defendants and dismissal of the action for failure to prosecute.

An appropriate order will issue.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:     May 6, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS J. MORAN,** | : | CIVIL ACTION NO. 1:08-CV-1303 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JANINE DONATE**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 6th day of May, 2009, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's action is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984.)

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

                                                       <u>S/ Christopher C. Conner</u>
                                                       CHRISTOPHER C. CONNER
                                                       United States District Judge